# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARCELLUS ROWE, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | |
| METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Marcellus Rowe, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, against Defendant, Metropolitan Atlanta Rapid Transit Authority ("MARTA"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count 1 of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count 2 of this Complaint, which arises out of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

1

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count 3 of this Complaint, which arises out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. This Court has supplemental jurisdiction pursuant to 28 U.S. Code § 1367 over Count 4 of this Complaint, which is a breach of contract claim.

5. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within DeKalb County, GA, and Defendant is a resident of the State of Georgia.

6. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

8. Plaintiff is a citizen of the United States and a resident of DeKalb County, GA.

9. Defendant is a corporation registered to conduct business in the State of Georgia.

10. The majority of the events pleaded herein occurred at the work site of 2424 Piedmont Road NE, Atlanta, GA 30324.

11. Defendant MARTA may be served through its registered agent, Elizabeth M. O'Neill, at 2424 Piedmont Road NE, Atlanta, Georgia 30324.

12. Defendant is subject to the requirements of the laws enumerated in the

Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

13. Plaintiff began working for Defendant in July 2011.

14. During all times relevant to this Complaint, Defendant classified Plaintiff as an employee.

15. Plaintiff did not work for Defendant in an administrative capacity.

16. Plaintiff did not work for Defendant in a professional capacity.

17. From October 2015 to November 26, 2019, Plaintiff was employed as a Schedule Distribution Clerk.

18. As part of his job duties, Plaintiff was required to drive a non-revenue MARTA vehicle to different MARTA stations and replenish scheduling information at the necessary booths.

19. In 2018, Plaintiff was diagnosed with migraines and tension headaches.

20. Due to his migraines and tension headaches, Plaintiff was approved by Defendant for intermittent FMLA leave.

21. Plaintiff's FMLA leave was renewed on or around May 17, 2019.

22. On or about September 13, 2019, Plaintiff was driving his non-revenue MARTA vehicle to a scheduled destination.

23. While traveling to his destination, an errant driver damaged Plaintiff's car by entering Plaintiff's lane and sideswiping his car.

24. Plaintiff immediately reported this accident to MARTA and the DeKalb County Police Department.

25. The DeKalb County Police Department found that the Plaintiff bore no fault for the accident.

26. Despite following protocol and not being at fault for the accident, on or around September 20, 2019, Plaintiff's driving privileges were suspended indefinitely.

27. Though Plaintiff was no longer permitted to drive a MARTA vehicle, he continued to complete his daily work duties through other means.

28. On or around October 15, 2019, Plaintiff was hailed into a meeting by the Supervisor of Transit Information Services, Darlene Biagas.

29. Ms. Biagas informed Plaintiff that he would not be paid his overtime wages unless he could provide further explanation of his work tasks the day of the board meeting.

30. Following this meeting, Plaintiff filed a FLSA complaint with the United States Department of Labor on October 31, 2019, alleging he was not paid any wages past the 37.5 hours he worked each week.

31. Plaintiff's FLSA complaint was settled on or around November 8, 2019.

32. The Department of Labor determined that Plaintiff was not paid properly for his hours and Plaintiff should be paid for his hours worked.

33. To date, Plaintiff has not been paid the compensation owed to him based upon

the Department of Labor decision.

34. On or around November 15, 2019, Plaintiff's renewed intermittent FMLA leave was approved through May 5, 2020.

35. On or around November 25, 2019, Plaintiff took intermittent FMLA leave and left work early due to experiencing a migraine headache.

36. Before Plaintiff went on leave, Plaintiff received a message from Ms. Biagas that Special Projects and Analysis Manager Richard Wallace wanted to have a meeting with Plaintiff.

37. Due to the severity of his condition, Plaintiff emailed Mr. Wallace and requested that the meeting be rescheduled.

38. Mr. Wallace told Plaintiff that he would not reschedule.

39. Plaintiff attempted to check his email later the same day to see if Mr. Wallace contacted him.

40. Plaintiff could not access his email.

41. On November 26, 2019, Plaintiff called Ms. Biagas before his shift started in an attempt to inform her that he would be absent from work due to taking FMLA leave.

42. Ms. Biagas did not answer or return Plaintiff's phone call.

43. Later in the day on November 26, 2019, Plaintiff received a letter from Defendant terminating his employment.

44. The letter states that Plaintiff was terminated for inability to perform his essential duties because of the indefinite suspension of his driving privileges.

45. Plaintiff summarily denies the allegations made by Defendant.

## IV.  CLAIMS FOR RELIEF

## COUNT I - ADA DISCRIMINATION

46. Plaintiff incorporates by reference paragraphs 1-45 of his Complaint as if fully set forth herein.

47. Plaintiff was qualified for the position at issue.  *Paras*. 13-18.

48. Plaintiff is a qualified individual with a disability. *Para*. 20.

49. Defendant was aware of Plaintiff's disabling condition. *Paras*. 20.

50. Plaintiff suffered the adverse action of termination.  *Para*. 43.

51. The circumstances of Plaintiff's termination serve as evidence that the adverse action was discriminatory on the basis of Plaintiff's disability.  See *paras*. 13-44.

## COUNT II - FMLA RETALIATION

52. Plaintiff incorporates by reference Paragraphs 1-51 of his Complaint as if fully set forth herein.

53. Plaintiff was eligible for FMLA leave. *Paras*. 13-18.

54. Plaintiff engaged in protected activity under the FMLA when he applied and was approved for FMLA leave. *Para*. 20.

55. Plaintiff engaged in protected activity under the FMLA when he renewed his FMLA application. *Paras.* 20, 34.

56. Plaintiff suffered a materially adverse employment action under the FMLA when he was terminated from his employment. *Para.* 43.

57. The timing of the protected activity and adverse action infer causation, as does Defendant's reasoning for Plaintiff's termination. *Paras.* 34-44.

58. Defendant's business reason for Plaintiff's termination is pretextual. *Paras.* 34-44.

## **COUNT III - FLSA RETALIATION**

59. Plaintiff reasserts and incorporates Paragraphs 1-58 of this Complaint as if fully set forth herein.

60. Defendant is an employer under the FLSA. *Para.* 14.

61. Plaintiff was a non-exempt employee of Defendant under the FLSA. *Para.* 13-18.

62. Plaintiff engaged in protected activity under the FLSA when he filed a complaint with the Department of Labor and received a determination. *Paras.* 30-33.

63. Plaintiff suffered a materially adverse employment action under the FLSA when he was terminated from his employment. *Para.* 43.

64. The timing of the protected activity and adverse action infer causation, as does

Defendant's reasoning for Plaintiff's termination. *Paras.* 30-44.

65. Defendant's business reason for Plaintiff's termination is pretextual. *Paras.* 34-44.

## COUNT IV - BREACH OF CONTRACT

66. Plaintiff reasserts and incorporates Paragraphs 1-65 of this Complaint as if fully set forth herein.

67. Plaintiff and Defendant had a binding contract through the FLSA to pay Plaintiff wages he worked past 37.5 hours. *Paras*. 30-33.

68. Defendant has not paid Plaintiff to date. *Paras.* 30-33.

69. Defendant breached the contract.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Reinstatement or, in the alternate front pay;

d. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA, FMLA, and the FLSA; and

e. Any other relief this Court deems proper and just.

Respectfully submitted this 18th day of May, 2021.

                                            THE KIRBY G. SMITH LAW FIRM, LLC

                                            s/Terrence D.W. John
                                            Terrence D.W. John
                                            Georgia Bar No. 894778
                                            Kirby G. Smith
                                            Georgia Bar No. 250119
                                            *Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 N. Shallowford Rd.
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
tdj@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 18th of May, 2021.

                                              THE KIRBY G. SMITH LAW FIRM, LLC

                                              s/Terrence D.W. John
_____Terrence D.W. John
                                              Georgia Bar No. 894778
                                              Kirby G. Smith
                                              Georgia Bar No. 250119
                                              *Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
tdj@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 18th of May, 2021.

                                                          THE KIRBY G. SMITH LAW FIRM, LLC

                                                          s/Terrence D.W. John
_____Terrence D.W. John
                                                          Georgia Bar No. 894778
                                                          Kirby G. Smith
                                                          Georgia Bar No. 250119
                                                          *Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
tdj@kirbygsmith.com

# EXHIBIT 1

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Marcellus Rowe<br>7104 Ashford Gables Drive<br>Dunwoody, GA 30338 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[X]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2020-00870 | Larry E. Satterwhite, Sr.<br>Investigator | (404) 562-6855 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For    02-17-2021

Enclosures(s)     **Darrell E. Graham,**
                 **District Director**     *(Date Mailed)*

cc:
| Elizabeth M. O'Neill<br>Chief Counsel<br>MARTA<br>2424 Piedmont Rd.<br>6th Floor<br>Atlanta, GA 30324 | Danielle Crafter<br>THE KIRBY G. SMITH LAW FIRM<br>4488 N. Shallowford Road, Suite 105<br>Dunwoody, GA 30338 |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc:  **Janki Patel**
**MARTA**
**2424 Piedmont Rd NE**
**Atlanta, GA 30324**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.